# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Ronald Wade Moak, Respondent.

Appellate Case No. 2016-001018

---

Opinion No. 27649
Submitted June 21, 2016 – Filed July 20, 2016

---

## PUBLIC REPRIMAND

---

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina
C. Todd, Assistant Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

Ronald Wade Moak, of Camden, *pro se*.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
the imposition of a public reprimand with conditions.   We accept the Agreement
and issue a public reprimand with conditions as stated hereafter in this opinion.
The facts, as set forth in the Agreement, are as follows.

### Facts and Law

#### Matter I

Respondent agreed to represent Client A on three matters for a flat fee of $2,500:  a
criminal domestic violence charge, a Department of Social Services paternity case,
and a possible divorce.  Ultimately, respondent collected $2,785 in fees, but also

represented Client A on an additional criminal domestic violence charge as well as an animal control charge.

A few days after beginning the representation, respondent filed a divorce complaint and a motion for an emergency hearing on Client A's behalf. Although respondent provided information for the domestic action, respondent did not provide him with a copy of the complaint. The temporary hearing was continued because Client A's wife was incarcerated in another county. Respondent did not seek to have the hearing rescheduled and did not adequately explain the status of the case to Client A. When Client A later waivered on whether he wanted to pursue the divorce, respondent considered the matter abandoned but did not clearly communicate that to Client A. At times, respondent's communications with Client A and his daughter caused Client A to believe the divorce action was proceeding.

Respondent admits that, at times, he failed to respond to Client A's reasonable requests for information about the action. He did not notify Client A when he received a 365-day benchmark notice from the family court or when the case was dismissed.

Client A obtained a divorce with assistance from another lawyer. Thereafter, Client A filed a complaint with ODC under the mistaken belief respondent never filed a divorce action on his behalf.

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); and Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information).

Matter II

Client B sought respondent's assistance with a child visitation issue. Respondent recommended Client B reach a visitation agreement with the child's father which respondent could then submit to the family court for adoption as an official court order. Respondent agreed to represent Client B for $500, which included a court appearance and filing fees. The fee agreement was not reduced to writing. Client B understood respondent would file the visitation agreement upon payment of $350 with the balance due later.

Client B paid respondent $350. Respondent did not place the unearned fees into a trust account. He states he does not maintain a trust account because most funds he receives are earned fees.

Client B and the child's father presented respondent with their handwritten agreement in late October or early November 2014. Respondent advised he would immediately file the agreement so a hearing could be scheduled before the Christmas holidays.

However, respondent did not file anything on Client B's behalf and did not communicate with her further. Respondent did not respond to Client B's telephone calls or texts. Respondent admits he failed to communicate with Client B; he asserts his failure to communicate was due to personal problems related to his mother's death. Respondent further states he did not know how to reach Client B after he lost contact with Client B's aunt who had referred Client B to him.

In May 2015, Client B filed a complaint against respondent. In January 2016, respondent refunded the $350 paid by Client B.

Respondent no longer accepts domestic cases.

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall deposit into trust account unearned legal fees and expenses paid in advance, to be withdrawn only as fees are earned or expenses incurred); and Rule 1.16(d) (upon termination of representation, lawyer shall take steps to extent reasonably practicable to protect client's interests, such as refunding any advance payment of fees or expenses that have not been earned or incurred).

Matter III

Respondent agreed to represent Client C in a state post-conviction relief (PCR) action. Client C was seeking relief from a conviction related to a pending federal charge and believed obtaining relief from his state conviction would help him resolve his federal charge. Client C pled guilty on the federal charge and was sent to a federal prison in another state before his PCR action reached the docket.

When Client C's case first appeared on the docket, respondent sought and received a continuance to explore having his client transferred for the hearing. By the time the case was docketed a second time respondent realized an order of transportation was not possible. Although respondent asserts he unsuccessfully attempted to reach Client C's family, he never wrote Client C or attempted to call him to explain what was happening with his case.

On June 15, 2015, Client C emailed respondent from prison requesting the status of his PCR action and he complained that respondent had not responded to communications from Client C's wife. Respondent did not respond to the email.

In July 2015, respondent represented Client C at the PCR hearing without advising Client C that the hearing had been scheduled. Respondent did not advise Client C that the judge orally denied the PCR at the end of the hearing. Respondent maintains that, after he received the written order several months after the hearing, he sent a copy of the order to Client C. Client C reports he has not heard from respondent and still does not know the status of his PCR.

The PCR order indicates respondent presented no evidence in support of Client C's primary complaint against his guilty plea counsel.

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); and Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information).

Respondent also admits his conduct in each of these matters constitutes grounds for discipline under Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

## Conclusion

We find respondent's misconduct warrants a public reprimand.[1] Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

---

[1] Respondent's disciplinary history includes a letter of caution issued in 2015. Like the current matter, the letter of caution also cites Rule 1.3 and Rule 1.4 of the Rules

Further, within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission). Within one (1) year of the date of this opinion, respondent shall complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Law Office Management School. Respondent shall provide proof of his completion of each program to the Commission no later than ten (10) days after the conclusion of each program.

**PUBLIC REPRIMAND.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**

---

of Professional Conduct. *See* Rule 2(r), RLDE (fact that letter of caution has been issued shall not be considered in subsequent disciplinary proceeding against lawyer unless the caution or warning contained in letter of caution is relevant to the misconduct alleged in new proceedings).